IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID A. WILLIAMS,**

                **Petitioner,**

    v.                                                  CASE NO. 05-3184-SAC

**STATE OF KANSAS, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2254. Petitioner, a prisoner at the El Dorado Correctional Facility, proceeds pro se. Having examined the petition and reviewed court records, the court finds this is a successive application for habeas corpus relief.[1]

Petitioner commenced this action on April 25, 2005. Under

---

[1] Petitioner's first application for habeas corpus was filed on May 21, 2001, in Case No. 01-3203, <u>Williams v. State of Kansas</u>. By an order entered on January 22, 2002, Judge Dale E. Saffels of this court adopted the Report and Recommendation of the magistrate judge and dismissed that matter as untimely. Petitioner did not appeal. That dismissal requires the transfer of the present action as a successive action. See <u>Murray v. Greiner</u>, 394 F.3d 78, 81 (2d Cir. 2005)("dismissal of a 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under 2254 challenging the same conviction...second or successive").

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before a second or successive petition for habeas corpus may be filed in the district court, the applicant must move in the appropriate federal court of appeals for an order authorizing the federal district court to consider the petition. 28 U.S.C. 2244(b)(3)(A).

Because this is a successive application for habeas corpus relief, and because it does not appear petitioner sought the necessary authorization from the United States Court of Appeals for the Tenth Circuit before commencing this action, the court concludes this matter must be transferred to the Court of Appeals for consideration of whether such authorization is appropriate.

IT IS THEREFORE ORDERED that this matter is transferred to the United States Court of Appeals for the Tenth Circuit for its determination whether petitioner may proceed in this successive application for habeas corpus relief.

The clerk of the court shall transmit copies of this order to petitioner and to the Clerk of the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

DATED: This 28th day of April, 2005, at Topeka, Kansas.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```

3